IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEMERRIS WALKER, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | C.A. No. 13-1549-LPS |
| | : | |
| DAVID PIERCE, Warden, and | : | |
| ATTORNEY GENERAL OF THE | : | |
| STATE OF DELAWARE, | : | |
| | : | |
| Respondents. | : | |

## **MEMORANDUM**

### I. **BACKGROUND**

Presently pending before the Court is Petitioner Demerris Walker's ("Petitioner") Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 1) In 2003, Petitioner was convicted of second degree rape, first degree burglary, theft of a senior, attempted first degree robbery, and second degree conspiracy; these convictions stemmed from Petitioner's rape of an eighty-four year old woman and the ransacking of her apartment. The Superior Court for the State of Delaware sentenced Petitioner to eighty-four years of incarceration. *See Walker v. Phelps*, 2008 WL 4372728, at *1 (D. Del. Sept. 23, 2008).

The instant Petition asserts seven grounds for relief: (1) evidence obtained as a result of an unreasonable knock and announce procedure should have been excluded from trial; (2) trial counsel provided ineffective assistance by failing to determine if the State's witness statements were admissible; (3) prosecutorial misconduct; (4) the trial court failed to "disclose or inquire [about] mental examination of both defendants;" (5) trial court and counsel erred by failing to ask prospective jurors if they knew any of the witnesses; (6) counsel provided ineffective assistance by failing to withdraw when a conflict of interest occurred; and (7) the trial court erred and counsel

provided ineffective assistance by failing to request or give an alibi instruction following the State's closing argument. (D.I. 3)

Petitioner has already requested, and has been denied, habeas relief with respect to the same 2003 convictions and eighty-four year sentence on one prior occasion, when the Honorable Joseph J. Farnan, Jr. dismissed his first petition as time-barred. *See Walker*, 2008 WL 4372728, at *4.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas application "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas application is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior application has been decided on the merits, the prior and new applications challenge the same conviction, and the new application asserts a claim that was, or could have been, raised in the prior habeas application. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

## III. DISCUSSION

The dismissal of Petitioner's first § 2254 petition as time-barred constitutes an adjudication on the merits. *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) (holding that dismissal of § 2254 application as time barred constitutes adjudication on merits for successive purposes); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (holding that "a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims"). Petitioner could have asserted the instant seven claims in his first petition. Therefore, the Court concludes that the instant Petition constitutes

2

a second or successive habeas application within the meaning of 28 U.S.C. § 2244.

Petitioner does not allege, and there is no reason to conclude, that the Third Circuit Court of Appeals authorized the filing of the pending petition. Accordingly, the Court will dismiss the Petition for lack of jurisdiction. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 petitions); 28 U.S.C. § 2244(b)(1).

## IV. MOTIONS

During the pendency of this proceeding, Petitioner filed a Motion for Leave to Proceed *In Forma Pauperis* (D.I. 1) and a Motion for an Extension of Time to File an Opening Brief (D.I. 5). The Court will grant the Motion to Proceed *In Forma Pauperis* for the limited purpose of filing the instant Petition. However, the Court will deny as moot Petitioner's Motion for an Extension of Time to file an Opening Brief, because the record reveals that Petitioner filed a Memorandum in Support of Petition. (D.I. 6)

## V. CONCLUSION

For the reason set forth above, the Court will summarily dismiss the instant Petition for lack of jurisdiction. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

Dated: August 12, 2014

_____
UNITED STATES DISTRICT JUDGE

3